**Wendy J. HOWELL, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,* Commissioner of Social Security Administration, Defendant–Appellee.**

**No. 05–35919.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2007.

Filed Sept. 19, 2007.

---

* Michael J. Astrue is substituted for his prede-   cessor Jo Anne B. Barnhart as Commissioner

D. James Tree, Esq., Yakima, WA, for Plaintiff–Appellant.

Pamela J. Derusha, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, Thomas Michael Elsberry, Esq., SSA–Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Before: HAWKINS and WARDLAW, Circuit Judges, and POLLAK,** District Judge.

## MEMORANDUM ***

Wendy J. Howell sought judicial review of the Commissioner's final decision denying her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–33.[1] The District Court for the Eastern District of Washington granted the Commissioner's motion for summary judgment, and Howell appeals.[2] Howell claims that the Commissioner's determination—in the form of a decision by an Administrative Law Judge ("ALJ")—was both legally erroneous and not supported by substantial evidence because the ALJ failed to accord proper deference to the opinions of Howell's treating physicians and failed to conduct a proper step-four analysis.[3] We reverse and remand.

■ The ALJ discounted the opinions of Dr. Cornelius Brandt and Dr. Wendy Eider, two of Howell's treating physicians.[4] The ALJ found that Dr. Brandt's opinion was "suspect as th[at] of an advocate rather than dispassionate physician," that it was "really . . . an opinion of accommodation," and that it should "be accorded no weight." The ALJ based his conclusions, in substantial part, on his perception that Dr. Brandt's several reports inconsistently stated the onset date of Howell's disability. However, the Commissioner now concedes that the ALJ misread the reports, and that Dr. Brandt did not, in fact, inconsistently report the onset date of Howell's disability. Further, we are not persuaded by the Commissioner's argument that the ALJ's mistake in analyzing Dr. Brandt's treatment records was a mere "harmless" or "typographical error." The ALJ's decision to "accord[ ] no weight" to Dr. Brandt's opinion was based on a materially erroneous reading of the record.

The ALJ likewise failed to give proper deference to Dr. Eider's opinion, or to give sufficient reasons for rejecting that opinion. Dr. Eider was not only a treating source, but a rheumatologist. Her opinion as to the onset and severity of Howell's fibromyalgia was entitled to special deference because "[r]heumatology is the relevant specialty for fibromyalgia." *Benecke v. Barnhart*, 379 F.3d 587, 594 n. 4 (9th Cir.2004); *see id.* ("Each rheumatologist's opinion is given greater weight . . . because it is an opinion of a specialist about

** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties consented to proceed to final judgment before United States Magistrate Judge Cynthia Imbrogno. *See* 28 U.S.C. § 636(c)(1).

2. The district court had jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3); we have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order affirming the Commissioner's denial of benefits. *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir.2007). Thus, we apply the same standard as the district court and must affirm the Commissioner's decision if that decision is free of legal error and supported by substantial evidence. *Id.*

3. *See generally Stout v. Comm'r*, 454 F.3d 1050, 1052 (9th Cir.2006) (five-step sequential evaluation process for determining disability) (citing 20 C.F.R. §§ 404.1520, 416.920).

4. The parties do not dispute the status of Drs. Brandt and Eider as treating physicians (or treating sources). *Cf. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir.2003) ("[M]ore weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant.").

medical issues related to his or her area of specialty.... Specialized knowledge may be particularly important with respect to a disease such as fibromyalgia that is poorly understood within much of the medical community." (internal quotation marks and citation omitted)). As in *Benecke*, the explanation offered in this case for discounting Dr. Eider's opinion—i.e., that the opinion was not supported by objective medical tests and was inconsistent with Howell's reported activities of daily living—was insufficient. *See id.* at 594.

The ALJ also discounted the lay testimony of Howell's husband, John Howell, finding that his testimony was not pertinent because it "focused on [Howell's] present symptoms" and did not "broach[ ] the time period in question, that being prior to March 31, 2000." [5] On reviewing the record, we agree that John Howell's testimony was ambiguous as to whether it was descriptive of (a) his wife's then-current condition, (b) his wife's condition at some point in the past, or (c) his wife's condition during more than one time frame. However, the ALJ has a "duty to supplement a claimant's record [which] is triggered by ambiguous evidence." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). If John Howell's testimony was not clearly addressed to the relevant time period, the ALJ had an obligation to ask clarifying questions before rejecting the testimony on that basis, and it was error to reject the testimony without doing so.

The ALJ's findings at steps four and five [6] of the sequential evaluation process that Howell maintained the residual functional capacity to perform her past relevant work—or, in the alternative, that she could perform other work that exists in substantial numbers in the national economy—were premised on the ALJ's having discounted the opinions of Dr. Brandt, Dr. Eider, and John Howell. Because we conclude that those opinions were improperly rejected, we further conclude that the ALJ's step four and five findings were not supported by substantial evidence. Moreover, where the ALJ does not give adequate reasons for rejecting medical opinions or lay testimony, we credit the evidence as a matter of law. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995). Giving the opinions of Drs. Brandt and Eider "the effect required by law," *id.*, it is clear that, at some point between March 10, 1998 and March 31, 2000, Howell was disabled for the purposes of Title II of the Act.[7]

With matters in this posture, there are occasions that make it appropriate to remand for an outright award of benefits. *See id.* But we do not do so in this case because there are additional issues which should be resolved by the agency in the first instance.[8] Although it is now clear that Howell was disabled at some point before her "date last insured" of March 31, 2000, it is not clear whether she is entitled to ongoing disability benefits or to benefits

5. The parties agree that the last date Howell was covered for Disability Insurance Benefits—i.e., her "date last insured"—was March 31, 2000.

6. The parties disagree as to whether the ALJ made alternative step-five findings. We assume for the sake of our disposition that such findings were made.

7. The parties agree that Howell last performed "substantial gainful activity," as de-

fined by the Act, on January 10, 1998, that she filed an application for disability benefits under the Social Security Act on March 10, 1998, and that the last date she was covered for Disability Insurance Benefits ("DIB") was March 31, 2000.

8. *Cf. Harman v. Apfel*, 211 F.3d 1172, 1178 n. 7 (9th Cir.2000) ("[I]ssues other than the presence or absence of a disability may preclude immediate payment of benefits.").

for a "closed" period of disability, nor are the dates of such a period clear. Therefore, we reverse the order of the district court and remand to that court with directions to vacate the ALJ's decision and to further remand to the agency for further proceedings consistent with this opinion.

REVERSED AND REMANDED.